# In The United States Court of Federal Claims

No. 09-171V

(Filed: April 2, 2012)

Reissued: April 20, 2012[1]

_____

| | |
|---|---|
| ZENORIA PHILLIPS-DELOATCH, As Personal Representative of the Estate of MOSHELLA F. ROBERTS,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Vaccine case; Petition for mandamus to review order by special master denying discovery; Availability of mandamus to review discovery orders; Petition denied. |

_____

**ORDER**
_____

*Altom Michael Maglio,* Maglio Christopher and Toale, Sarasota, FL, for petitioner.

*Debra A. Filteau Begley*, United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *Tony West*, for respondent.

*Dino S. Sangiamo*, Venable, LLP, Baltimore, MD, for Merck & Co., Inc.

**ALLEGRA, Judge:**

Petitioner, via this mandamus petition, seeks an order directing Special Master Christian Moran to allow her to subpoena information from the pharmaceutical company that

_____

[1] An unredacted version of this opinion was issued under seal on April 2, 2012. The parties were given an opportunity to propose redactions, but no such proposals were made. Nonetheless, the court has incorporated some minor changes into this opinion.

manufactures the vaccine that allegedly killed the decedent in this case. For the reasons that follow, the court **DENIES** the mandamus petition.

I.   BACKGROUND

The facts relevant to this petition are not in dispute.

Moshella Roberts was born in 1987. On April 1, 2008, she was administered a dose of the Gardasil HPV vaccine. On April 5, 2008, she was found dead. A subsequent autopsy failed to determine the cause of death.

On March 19, 2009, Zenoria Phillips Deloatch filed a petition as personal representative of Ms. Roberts' estate, seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1-34 (2006) (the Vaccine Act). On May 26, 2009, petitioner filed a motion seeking authorization to subpoena Merck & Co. (Merck), which manufactures the Gardasil vaccine. In particular, she requested that the Special Master require Merck to produce documents relating to any sudden deaths temporally related to the vaccine or discussing a possible biological mechanism by which the vaccine could cause or trigger sudden death.

On June 30, 2009, Special Master Moran approved the issuance of the subpoena. On August 19, 2009, Merck filed a motion to vacate and quash the subpoena. Following briefing and oral argument, on April 27, 2010, the Special Master granted the requested relief, finding that petitioner had failed to show that the discovery was "reasonable and necessary," as required by the Vaccine Act.[2] The Special Master afforded petitioner an opportunity to renew her discovery motion pursuant to this standard. On November 8, 2010, petitioner filed a renewed motion for subpoena. On September 20, 2011, the Special Master issued an order denying that motion.

On October 31, 2011, petitioner petitioned this court for a writ of mandamus directing the Special Master to authorize the subpoena of Merck. On January 31, 2012, Merck filed an opposition to the motion by leave of the court. Briefing by all parties is now complete. Argument is deemed unnecessary.

---

[2] In so ruling, the Special Master found that petitioner had "fail[ed] to explain how the requested information would help meet her burden of proof with regard to any prong [of the causation test in] *Althen* [*v. Sec'y of Health and Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005)]." *Deloatch ex rel. Estate of Roberts v. Sec'y of Health and Human Servs.*, 2010 WL 5558349, at *4 (Fed. Cl. Spec. Mstr. Apr. 27, 2010). In addition, the Special Master determined that a "second deficiency" in petitioner's arguments was that "she does not explain why available information about Gardasil is not adequate." *Id*.

## II.     DISCUSSION

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), "all courts established by Act of Congress" have the authority to issue writs, such as mandamus, as "necessary or appropriate in aid of" its jurisdiction. *Miss. Chem. Corp. v. Swift Agric. Chems. Corp.*, 717 F.2d 1374, 1379 (Fed. Cir. 1983). This court, of course, was established by an Act of Congress and thus may issue writs of mandamus in aid of its jurisdiction under the Vaccine Act. *See Warfle ex rel. Guffey v. Sec'y of Health and Human Servs.*, 92 Fed. Cl. 361, 367 n.9 (2010); *see also Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) (holding that Article I courts have the authority to issue writs of mandamus). None of the parties disputes this.

Nevertheless, the use of mandamus is limited to exceptional circumstances to correct a "clear abuse of discretion or 'usurpation of judicial power' by the trial court." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 382 (1953) (quoting *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 217 (1945); *see also Gulfstream Aerospace Corp v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *In re United States*, 669 F.3d 1333, 1336 (Fed. Cir. 2012). The burden is on the petitioner to establish that her right to issuance of the writ is clear and indisputable, *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980), and that there is no other adequate remedy to attain the desired relief, *Mallard v. United States District Court*, 490 U.S. 296, 309 (1989).

That burden is particularly difficult to meet when the decision under review involves a discovery matter. Indeed, the cases denying review of discovery orders by mandamus are legion. *See* 6 James Wm. Moore, § 26.37 (2011) ("Writs of mandamus and prohibition are extraordinary remedies and will not ordinarily afford appellate review of discovery orders"); 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3935.3 (2d ed. 2011). This is not surprising as decisions concerning the scope of discovery are generally committed to the ruling tribunal's discretion. *See Am. Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 739 (Fed. Cir. 1987); *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984). "Where a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable.'" *Allied Chemical*, 449 U.S. at 36. As a result, courts have expressed extreme reluctance to circumvent the salutary rule barring interlocutory review of discovery orders by use of mandamus, except perhaps in rare situations in which discovery would wrongfully expose privileged or confidential communications.[3] The latter circumstance,

---

[3] *See, e.g.*, *In re United States*, 669 F.3d at 1336; *see also Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 607 (2009) (noting that a writ of mandamus may be granted to correct a "particularly injurious or novel privilege ruling"). Some Federal Circuit decisions suggest that a court may grant mandamus review of discovery orders when the petition presents an important issue of first impression or one in which courts have disagreed. *See, e.g., In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1377 (Fed. Cir. 2010) (citing cases). These decisions, however, arise in situations involving the potential wrongful exposure of privileged communications. *See, e.g., In re Seagate Tech., LLC*, 497 F.3d 1360, 1367 (Fed. Cir. 2007) (en

of course, is wholly lacking where, as here, the order under consideration denies, rather than grants, discovery. *See*, *e.g.*, *In re Macphee*, 36 Fed. Appx. 421, 422-23 (Fed. Cir. 2002) (no mandamus to review trial tribunal's denial a motion to compel); *In re Anonymous Online Speakers*, 661 F.3d 1168, 1178 (9th Cir. 2011) (no mandamus to review district court's denial of motion to compel discovery); *City of Cleveland v. Krupansky*, 619 F.2d 572, 574-75 (6th Cir.), *cert. denied*, 449 U.S. 834 (1980) (no mandamus to review district court's denial of additional discovery); *Donnelly v. Parker*, 486 F.2d 402, 408-09 (D.C. Cir. 1973) (no mandamus to review order denying medical examinations and foreclosing further discovery).

Petitioner has not shown, nor is the court able to perceive, anything that would set her case apart from those cited above. In particular, petitioner has cited no reason why she cannot obtain adequate and meaningful relief of the special master's discovery order on appeal, after a final decision. Although petitioner argues that she will be unable to present a proper record on appeal without this court's immediate intervention and that she wishes to avoid a piecemeal appeal, such arguments have been held insufficient to warrant mandamus relief. "That a petitioner may suffer hardship, inconvenience, or an unusually complex trial does not provide a basis for a court to grant mandamus." *In re Roche Molecular Sys., Inc.*, 516 F.3d 1003, 1004 (Fed. Cir. 2008); *see also Bankers Life*, 346 U.S. at 383; *United States v. Watson*, 603 F.2d 192, 196-97 (C.C.P.A. 1979). The simple fact remains that, should she ultimately lose, petitioner will still be able to argue about the propriety of the special master's discovery determinations on review of the decision. As petitioner has an adequate remedy, she has not met her burden to obtain a writ of mandamus.[4]

### III.  CONCLUSION

Based on the foregoing, the petition for mandamus is hereby **DENIED**.

**IT IS SO ORDERED.**[5]

        s/ Francis M. Allegra
        Francis M. Allegra
        Judge

---

banc), *cert. denied*, 552 U.S. 1230 (2008); *In re Regents of the Univ. of Cal.*, 101 F.3d 1386, 1387 (Fed. Cir. 1996), *cert. denied*, 520 U.S. 1193 (1997). Such is not the case here.

[4] Based on this finding, the court need not consider otherwise whether petitioner's right to the writ is clear and indisputable.

[5] This order shall be unsealed, as issued, after April 16, 2012, unless the parties, pursuant to Vaccine Rule 18(b), identify protected and/or privileged materials subject to redaction prior to that date. Said materials shall be identified with specificity, both in terms of the language to be redacted and the reasons therefor.