# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 09-171V
Filed: February 3, 2016
Not to be Published

```
*************************************
ZENORIA PHILLIPS DELOATCH,           *
As Personal Representative of the Estate of *
MOSHELLA F. ROBERTS,                 *
                                     *
            Petitioner,              *    Petitioner's motion for a ruling
                                     *    on the record granted; no expert;
      v.                             *    human papillomavirus vaccine;
                                     *    death; no cause; dismissal
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
                                     *
*************************************
```

F. John Caldwell, Jr., Sarasota, FL, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On March 19, 2009, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that human papillomavirus ("HPV") vaccine administered April 1, 2008 caused her daughter Moshella's death on April 5, 2008. See Pet. at ¶ 6.

On March 29, 2009, the case was assigned to Special Master Christian Moran.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

On March 13, 2013, the case was reassigned to Special Master Nora B. Dorsey.

On January 8, 2015, the case was reassigned to the undersigned. In the six years this case has been pending, petitioner has been unable to find expert medical support for her allegations.

By Order dated May 13, 2015, the undersigned set a deadline of July 24, 2015 for petitioner to file an expert medical report in support of her allegations.

On July 24, 2015, petitioner moved for an extension of time until September 22, 2015 to file a medical expert report. On July 27, 2015, the undersigned granted petitioner's motion.

On September 22, 2015, petitioner filed a second motion for an extension of time until October 22, 2015 to file a medical expert report. On September 23, 2015, the undersigned granted petitioner's motion.

On October 22, 2015, petitioner filed a third motion for an extension of time until December 21, 2016 to file a medical expert report. On October 23, 2015, the undersigned granted petitioner's motion.

On February 2, 2016, petitioner filed a Motion for a Ruling on the Record. On February 3, 2016, respondent filed a response to petitioner's motion. The undersigned grants petitioner's motion and dismisses this case for failure to make a prima facie case of causation in fact.

## FACTS

Moshella F. Roberts was born on October 26, 1987.

On April 1, 2008, Ms. Roberts received HPV vaccine. Med. recs. Ex. 6, at 5, 12; Ex. 8, at 1.

Four days after receiving the vaccine, she was found dead in a home where she worked as a home health care aide for an elderly, paralyzed person. Med. recs. Ex. 1, at 2-3; Ex. 13, at 2. An autopsy performed by Dr. Thomas B. Clark, III, and Dr. Michael J. Papez on April 6, 2008 led to a conclusion that the cause of Ms. Roberts' death was undetermined. Med. recs. Ex. 1, at 4. She had focal nodular hyperplasia in her liver but this could not account for her sudden death. Id. at 5.

## Expert Reports

On May 23, 2014, petitioner filed an expert report from Dr. Douglas C. Miller, a pathologist, who stated that his review of histologic slides recut from the original tissue blocks and review of the original set of slides from 17 different sections showed "no demonstrable cause of death," as the medical examiners had stated earlier. Ex. 20, at 1, 3. Dr. Miller did not

2

find any evidence of an inflammatory autoimmune process in Ms. Roberts. Id. at 3. He concluded "the cause of death in this case is not knowable to a reasonable medical probability." Id.

On November 13, 2014, respondent filed an expert report from Dr. Mark T. Curtis, a pathologist, who confirmed that the cause of Ms. Roberts' death was undetermined. Ex. C, at 1, 3. He agreed with petitioner's expert Dr. Miller that Ms. Roberts' death should be considered as a sudden death in a young adult. Id. at 4.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for Ms. Roberts' April 1, 2008 HPV vaccination, she would not have died, but also that her April 1, 2008 HPV vaccination was a substantial factor in causing her death. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). In the instant action, petitioner has not filed an expert report substantiating her allegations. She retained a pathologic expert, Dr. Miller, who substantiated the medical examiners' opinion in the autopsy report that the cause of Ms. Roberts' death was undetermined or, as Dr. Miller put it, unknowable. Respondent's pathologic expert, Dr. Curtis, confirms the opinion of the prior three pathologists (the two medical examiners who performed the autopsy and petitioner's expert Dr. Miller) that the cause of Ms. Roberts' death is undetermined.

Petitioner has had six years since filing the petition to find an expert to support her case

and she has not been successful in doing so.  This is a tragic case for which the undersigned expresses her sympathy to petitioner.  But as petitioner and her counsel finally recognize, without medical expert support, petitioner has not satisfied her evidentiary burden of proving causation in fact.

The undersigned **GRANTS** petitioner's Motion for a Ruling on the Record and **DISMISSES** this case for petitioner's failure to make a prima facie case under the Vaccine Act.

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 3, 2016              s/ Laura D. Millman
                                     Laura D. Millman
                                     Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.