# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 09-171V
Filed: September 26, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ZENORIA PHILLIPS-DELOATCH,        \*
as Personal Representative of the    \*
Estate of MOSHELLA F. ROBERTS,    \*
                                                            \*
            Petitioner,                              \*            Attorneys' fees and costs decision;
                                                            \*            respondent does not object
v.                                                         \*
                                                            \*
SECRETARY OF HEALTH              \*
AND HUMAN SERVICES,              \*
                                                            \*
            Respondent.                           \*
                                                            \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

F. John Caldwell, Jr., Sarasota, FL, for petitioner.
Debra A. Filteau Begley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 19, 2009, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging that receipt of the human papillomavirus ("HPV") vaccine caused her daughter's death on April 5, 2008. On February 3, 2016, the undersigned issued a decision granting petitioner's motion for a ruling on the record and dismissing the case.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On September 6, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requests $141,744.20 in attorneys' fees and $16,697.74 in costs for a total of $158,441.94. In compliance with General Order #9, petitioner states that she incurred no out-of-pocket expenses.

On September 26, 2016, respondent filed a response to petitioner's application for attorneys' fees and costs. Respondent explains that she does not object to the overall amount sought by petitioner, but that respondent's "lack of objection . . . should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." Resp't's Resp. at 1.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and the lack of opposition, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.

**Accordingly, the undersigned awards the total amount of $158,441.94**, as a lump sum in the form of a check payable jointly to petitioner and Maglio Christopher & Toale, P.A.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: September 26, 2016                                    s/ Laura D. Millman
                                                                           Laura D. Millman
                                                                           Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.